# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LABORERS LOCAL UNION 158,** : | CIVIL ACTION NO. 1:17-CV-2232 |
| **LABORERS LOCAL UNION 158** : | |
| **HEALTH AND WELFARE FUND,** : | (Chief Judge Conner) |
| and **LABORERS LOCAL UNION 158** : | |
| **PENSION FUND,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| **CONCRETE CORING COMPANY,** : | |
| **INC., and LARRY TREADWAY,** : | |
| : | |
| Defendants : | |

## ORDER & JUDGMENT

AND NOW, this 17th day of May, 2018, upon consideration of the motion (Doc. 10) for default judgment by plaintiffs Laborers Local Union 158, Laborers Local Union 158 Health and Welfare Fund, and Laborers Local Union 158 Pension Fund (together, "plaintiffs"), and it appearing that the summons and complaint were served on defendants Concrete Coring Company, Inc. ("Concrete Coring"), and Larry Treadway ("Treadway"), on February 13, 2018, (see Docs. 6, 7), but that, as of the date of this order, neither defendant has pled or otherwise defended itself in this litigation, see FED. R. CIV. P. 12, nor has counsel entered an appearance on behalf of Concrete Coring, a corporation which cannot proceed *pro se* before this federal court, see Lawson v. Nat'l Cont.-Progressive Ins. Co., 347 F. App'x 741, 742 (3d Cir. 2009) (*per curiam*) (nonprecedential) (citing Rowland v. Cali. Men's Colony, 506 U.S. 194, 201-02 (1993)), and further that, upon request (Doc. 8) of plaintiffs, the Clerk of Court entered default (Doc. 9) against both defendants on March 15, 2018,

see FED. R. CIV. P. 55(a), and the court concluding that, taking the facts of the complaint (Doc. 1) as true, see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), plaintiffs' allegations are sufficient for purposes of default judgment to establish defendants' delinquency on contributions due to plaintiffs in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, and the Pennsylvania Wage Payment and Collection Law, 43 PA. STAT. & CONS. STAT. ANN. § 260 *et seq.*, as well as in breach of the parties' collective bargaining agreement, and further, with respect to the issue of damages, the court noting that we may conduct hearings when needed "to . . . determine the amount of damages," FED. R. CIV. P. 55(b)(2), but that a hearing is unnecessary when evidence of damages is unopposed and unambiguous, see Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007), and the court observing that plaintiffs seek damages in the amount of $102,280.27 and fees in the amount of $1,844.00, and support the request with affidavits duly executed by the plaintiff funds' plan administrator and by counsel, (Docs. 10-1, 11-1), and the court thus determining that entry of default judgment is appropriate, it is hereby ORDERED that:

1. Plaintiffs' motion (Doc. 10) for default judgment is GRANTED.

2. Judgment is ENTERED in favor of plaintiffs and against defendants in the amount of $104,124.27.

3. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania